Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CAROLINA PROPERTIES INC.<br><br>Recurridos<br><br>v.<br><br>CARVIN SCHOOL, INC. Y OTROS<br><br>**MYRIAM DE LOS SANTOS FIGUEROA**<br><br>Peticionaria | KLCE202301168 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2023CV01733<br><br>Sobre: Cobro de Dinero-Ordinario, Ejecución de Hipoteca: Propiedad Comercial |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 17 de noviembre de 2023.

## I.

El 23 de octubre de 2023, la señora Myriam De Los Santos Figueroa (señora De Los Santos Figueroa o la peticionaria) presentó un *Recurso de certiorari en solicitud revisión judicial*. En este, nos solicitó revocar una *Resolución* del 29 de agosto de 2023[1] y una *Resolución* del 21 de septiembre de 2023,[2] ambas emitidas por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). En la *Resolución* del 29 de agosto de 2023, el TPI declaró No Ha Lugar a una *Moción solicitando desestimación* que radicó la peticionaria. Por otro lado, mediante la *Resolución* del 21 de septiembre de 2023, el foro primario resolvió No Ha Lugar a la *Moción solicitando reconsideración y determinación de hechos y derechos* que sometió

---

[1] Archivada en autos y notificada el 1 de septiembre de 2023. Apéndice del *Recurso de certiorari*, Anejo 1, págs. 1-2.
[2] Archivada en autos y notificada el 22 de septiembre de 2023. *Íd.,* Anejo 2, pág. 3.

la señora De Los Santos Figueroa. Además, nos peticionó imponer honorarios de abogados por temeridad, costas y gastos a la parte que promovió el pleito en su contra: Carolina Properties, Inc. (Carolina Properties o parte recurrida).

Conjunto con la radicación de la petición de *certiorari*, la señora De Los Santos Figueroa presentó una *Moción en auxilio de jurisdicción* en la cual nos solicitó paralizar los procedimientos en el TPI, atender el *certiorari* presentado, revocar la determinación del TPI y ordenar la desestimación de la *Demanda*. La peticionaria planteó que la *Demanda* carecía de alegaciones en su contra, por lo que proseguir con el descubrimiento de prueba resultaría oneroso e incongruente con el derecho vigente. En igual fecha, dictamos una *Resolución* en la que declaramos No Ha Lugar a la *Moción en auxilio de jurisdicción* y le concedimos un término de diez (10) días a la parte recurrida para exponer su posición en torno a los méritos del recurso.

En cumplimiento con lo anterior, el 1 de noviembre de 2023, Carolina Properties presentó una *Oposición a la expedición de recurso de certiorari*. En suma, adujo que el 20 de septiembre de 2023, radicó *una Moción solicitando permiso para enmendar demanda* que, a su entender, detalla las alegaciones en contra de la señora De Los Santos Figueroa. Además, expuso que el TPI no ha tomado determinación respecto a la solicitud de enmendar la demanda.[3]

Posteriormente, el 2 de noviembre de 2023, la señora De Los Santos Figueroa presentó una *Moción informativa y suplementando el expediente judicial* para que tomemos conocimiento de la *Moción*

---

[3] Tomamos conocimiento judicial de la *Orden* emitida el 24 de octubre de 2023. Mediante esta, el Tribunal *a quo* estableció que la solicitud de enmendar la demanda quedará bajo suspenso hasta que esta Curia apelativa resuelva este recurso. Véase, expediente electrónico del caso CA2023CV01733 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm.57.

*en oposición a solicitud de enmendar la demanda*, presentada ante el TPI.

Con el beneficio de la comparecencia de las partes, pormenorizaremos los hechos procesales atinentes a este recurso.

**II.**

El caso de marras tiene su génesis el 30 de mayo de 2023 cuando Carolina Properties incoó una *Demanda* sobre cobro de dinero y ejecución de hipoteca contra Carvin School, Inc. (Carvin School), la señora De Los Santos Figueroa por sí y en carácter de presidenta de Carvin School, Fulano de Tal y la Sociedad Legal de Gananciales compuesta por la peticionaria y su esposo, Fulano de Tal.[4] En síntesis, Carolina Properties alegó que su corporación le vendió a Carvin School un inmueble sito en Carolina, Puerto Rico, por el valor de $2,975,500.00.[5] Para garantizar el pago de la compraventa, Carvin School otorgó una hipoteca a favor de Carolina Properties por la suma principal de $2,082,500.00, por virtud de la Escritura Núm. 2 de 23 de enero de 2015 ante la notario Julia F. Pérez Carrillo Sainz.[6] Ante una divergencia sobre la cantidad que aportó Carvin School en la primera hipoteca, el 27 de junio de 2016, se otorgó una segunda hipoteca a favor de Carolina Properties, por la suma principal de $50,000.00, mediante la Escritura Núm. 3 ante la notario Julia F. Pérez Carrillo Sainz.[7]

En la *Demanda*, la parte recurrida arguyó que, tras el incumplimiento con el pago de las mensualidades vencidas, la parte demandada le adeudaba una suma total de $2,132,500.00 de principal, $707,833.24 de intereses y $13,000.00 de costas, gastos y honorarios de abogados.[8] En consecuencia, solicitó al TPI que declare con lugar la demanda, se ordene el embargo preventivo de

---

[4] Apéndice del *Recurso de certiorari*, Anejo 3, págs. 4-8.
[5] *Íd.,* pág. 5.
[6] *Íd.,* pág. 6.
[7] *Íd.*
[8] *Íd.,* pág. 7.

los bienes muebles e inmuebles de la parte demandada, se proceda con la venta en pública subasta del inmueble en garantía hipotecaria, entre otros.

El 27 de julio de 2023, la señora De Los Santos Figueroa presentó una *Moción solicitando desestimación*.[9] En resumen, peticionó desestimar la demanda al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, al entender que de las alegaciones de la demanda no se contempló una causa de acción contra su persona. Alegó que la *Demanda* se circunscribió a identificarla como parte demandada, sin exponer la razón por la que era parte indispensable ni contener alegación alguna referente a ella por la que se entabló el pleito en su contra. Adujo que no era dueña ni accionista de la corporación. Asimismo, aseguró que no garantizó ni firmó los pagarés hipotecarios a los que se obligó Carvin School.

El 31 de julio de 2023, Carvin School radicó una *Contestación a demanda y reconvención enmendada*,[10] en la que alegó que la cantidad reclamada no era líquida ni exigible dado que los incumplimientos de pagos fueron consentidos por la señora Carmen Philp, entonces presidenta de la Junta de Directores de Carolina Properties quien, simultáneamente, ocupó la misma posición en la Junta de Directores de Carvin School.

El 18 de agosto de 2023, Carolina Properties presentó una *Oposición a moción de desestimación*.[11] En esta, arguyó que, por la señora De Los Santos Figueroa ser la presidenta de Carvin School desde el año 2021 y participar de la Junta de Directores, era suficiente de por sí para incluirla en el pleito como parte demandada. A saber:

> **En la demanda se adujo que la Sra. Myriam De Los Santos Figueroa, funge como Presidenta de la Carvin School, Inc. desde el año 2021**, y anteriormente participó de otros puestos dentro de la Junta de Directores de Carvin School,

---

[9] *Íd.,* Anejo 7, págs. 15-18.
[10] *Íd.,* Anejo 5, págs. 10-12.
[11] *Íd.,* Anejo 8, págs. 19-28.

Inc. **Esta alegación de por sí es suficiente para que aplique al caso la doctrina antes reseñada** [deber de fiducia].[12] (Énfasis nuestro).[13]

La parte recurrida planteó que la peticionaria tenía la responsabilidad de velar por el cumplimiento de las obligaciones de Carvin School y que el impago de las dudas que la corporación contrajo con Carolina Properties podría implicar negligencia crasa y conllevar responsabilidad personal por posibles violaciones a sus deberes de fiducia. Añadió que, mediante el descubrimiento de prueba, quedaría evidenciada la negligencia que se le imputa a la peticionaria. Paralelamente, solicitó autorización para enmendar la demanda.

El mismo día, el 18 de agosto de 2023, la peticionaria presentó una *Breve réplica a "oposición a moción de desestimación"*, en la que peticionó al TPI que se ordene la eliminación del récord de la *Oposición a moción de desestimación* por entender que se añadieron alegaciones en su contra que no se plantearon en la *Demanda*.[14] Indicó que en la *Demanda* no se alegó que la señora De Los Santos Figueroa fungía como presidenta de Carvin School desde el 2021 ni que ocupó otros puestos en la Junta de Directores de la corporación. Por esto, peticionó que, en virtud de las Reglas 9.1 y 9.3 de Procedimiento Civil, *supra*, R. 9.1 & R. 9.3, el tribunal *a quo* otorgara una suma razonable de gastos por la presentación del escrito y honorarios de abogados.

Por su parte, el 21 de agosto de 2023, Carolina Properties presentó una *Dúplica a moción de desestimación*.[15] En esta, estableció que, al presentar la demanda, no tenía la obligación de alegar con detalle todos los hechos en los que fundamentó su reclamación. Argumentó que:

---

[12] *Íd.* pág. 25.
[13] Tomamos conocimiento que estas alegaciones presentadas en la *Oposición a moción de desestimación* **no están expuestas en la *Demanda*.**
[14] *Íd.,* Anejo 9, págs. 29-31.
[15] *Íd.,* Anejo 10, págs. 32-35.

> **La Sra. Myriam [D]e [L]os Santos Figueroa tiene conocimiento de los puestos que ocupa actualmente y los puestos que ha ocupado anteriormente en Carvin School, Inc., por lo cual debe saber muy bien la razón por la cual se incluye como parte demandada.** Pretender desestimar la reclamación en su contra una etapa tan prematura del caso, simplemente porque no se le incluyó todos los hechos probatorios de la reclamación, va en contra de nuestro sistema jurídico y procesal, constituyendo así temeridad.[16] (Énfasis nuestro).

Por ello, Carolina Properties solicitó que se le imponga costas y honorarios legales a la representación legal de la señora De Los Santos Figueroa. Además, expresó que, de ser necesario, el TPI le otorgara permiso para enmendar la demanda.

El 29 de agosto de 2023, el foro primario declaró No Ha Lugar a la *Moción de desestimación* presentada por la señora De Los Santos Figueroa.[17] Resolvió que, una vez culmine el descubrimiento de prueba, nuevamente se podrá levantar el planteamiento.

En desacuerdo con la *Resolución* del TPI, el 12 de septiembre de 2023, la señora De Los Santos Figueroa presentó una *Moción solicitando reconsideración y determinación de hechos y derechos.*[18]

El 18 de septiembre de 2023, Carolina Properties presentó una *Oposición a moción de reconsideración y determinación de hechos y derechos.*[19] En lo pertinente, reiteró que, como parte del deber de fiducia que encara el puesto de presidenta de la Junta de Directores, la peticionaria tenía la responsabilidad de velar por el cumplimiento con las obligaciones de la corporación y se le podía imputar negligencia crasa por su inobservancia. Añadió que, por la entonces presidenta de Carvin School como de Carolina Properties, Carmen Philip, alegadamente consentir al impago de los préstamos hipotecarios sin formalidad alguna, a la señora De Los Santos Figueroa se le puede imputar fraude por vicios de consentimiento de una persona incapaz.

---

[16] *Íd.,* pág. 34.
[17] *Íd.,* Anejo 1, pág. 2.
[18] *Íd.,* Anejo 11, págs. 36-43.
[19] *Íd.,* Anejo 12, págs. 44-53.

El 20 de septiembre de 2023, Carolina Properties presentó una *Moción solicitando permiso para enmendar la demanda*[20] y adjuntó la *Demanda Enmendada*, a la que se le incorporó las causas de acción de enriquecimiento injusto y daños y perjuicios.[21] En lo pertinente a la controversia de autos, añadió como hechos que, para los años 2013 al 2016, la señora De Los Santos Figueroa fungió como tesorera y secretaria de Carvin School. A su vez, que al Carvin School incumplir con el pago de las mensualidades del préstamo hipotecario, la señora De Los Santos Figueroa, conjunto a otros miembros de la Junta de Directores de la corporación, incluidos en la demanda, incurrieron en negligencia crasa en su deber de fiducia, por lo que respondían en su capacidad personal. Alegó que este hecho perpetuaba enriquecimiento injusto para Carvin School y correlativo empobrecimiento para Carolina Properties, resultando en un presunto negocio simulado y posible evasión contributiva.[22]

El 21 de septiembre de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la reconsideración.[23]

Inconforme, el 23 de octubre de 2023, la señora De Los Santos Figueroa acudió ante nos mediante un recurso de *certiorari*, en la que le imputó al TPI la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ Y ABUSÓ DE [LA] SU DISCRECIÓN JUDICIAL EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR RESOLUCIÓN EL 29 DE AGOSTO DE 2023 Y NOTIFICADA EL 1 DE SEPTIEMBRE DE 2023 AL PERMITIR LA DEMANDA DE COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA CONTRA CARVIN SCHOOL, INC[.] A FAVOR DE LA SRA. MYRIAM DE LOS SANTOS SIN QUE HUBIERA UNA SOLA ALEGACIÓN CONTRA ELLA EN LA DEMANDA.

> **SEGUNDO ERROR:** ERRÓ Y ABUSÓ DE [LA] SU DISCRECIÓN JUDICIAL EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR RESOLUCIÓN EL 21 DE SEPTIEMBRE DE 2023 Y NOTIFICADO EL 22 DE SEPTIEMBRE DE 2023 SIN QUE HAYA ORDENADO A QUE SE ELIMINARA DEL EXPEDIENTE LA MOCIÓN OPOSICIÓN

---

[20] Véase, Apéndice de *Oposición a la expedición de recurso de certiorari*, Anejo 1, págs. 1-5.
[21] *Íd.,* págs. 6-13.
[22] *Íd.,* pág. 12. Tomamos conocimiento que los hechos alegados en la *Demanda Enmendada*, la cual **no ha sido autorizada por el TPI**, se circunscriben a plantear conclusiones de derecho.
[23] Apéndice del *Recurso de certiorari*, Anejo 2, pág. 3.

A MOCIÓN DE DESESTIMACIÓN DE LA PARTE DEMANDANTE EN LA CUAL BUSCA ENMENDAR LAS ALEGACIONES DE LA DEMANDA SIN CUMPLIR CON LAS REGLAS DE PROCEDIMIENTO CIVIL.

**TERCER ERROR:** ERRÓ Y ABUSÓ DE [LA] SU DISCRECIÓN JUDICIAL EL TRIBUNAL DE PRIMERA INSTANCIAS AL EMITIR RESOLUCIÓN EL 21 DE SEPTIEMBRE DE 2023 Y NOTIFICADO EL 22 DE SEPTIEMBRE DE 2023 SIN REALIZAR DETERMINACIONES DE HECHO Y DERECHO SEGÚN SOLICITADAS EN MOCIÓN DEL 12 DE SEPTIEMBRE DE 2023 REALIZADA POR LA PARTE CODEMANDADA.

**CUARTO ERROR:** ERRÓ Y ABUSÓ DE [LA] SU DISCRECIÓN JUDICIAL EL TRIBUNAL DE PRIMERA INSTANCIAS AL NO DESESTIMAR A FAVOR DE LA SRA. MYRIAM DE LOS SANTOS AL SOLICITARSE SE DICTARA SENTENCIA POR LAS ALEGACIONES.

El 1 de noviembre de 2023, Carolina Properties presentó una *Oposición a la expedición de recurso de certiorari*. En síntesis, solicitó que se deniegue el recurso puesto que los fundamentos de la peticionaria son contrarios a Derecho y, si el TPI autoriza enmendar la *Demanda*, se tornaría académica la controversia sobre que la demanda dejó de exponer una reclamación que justifique la concesión de un remedio.

El 2 de noviembre de 2023, la señora De Los Santos Figueroa presentó una *Moción informativa y suplementando el expediente judicial* con el propósito de acompañar su *Moción en oposición a solicitud de enmendar la demanda*, presentada ante el foro recurrido.

En vista de los errores atribuidos al TPI, exponemos las normas jurídicas atinentes a esta controversia.

### III.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia

de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1,[24] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una

---

[24] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

solicitud de expedición de un auto de *certiorari*.[25]

**B.**

La Regla 10.2 de Procedimiento Civil, *supra,* R. 10.2, enumera los supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra, a saber: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) *dejar de exponer una reclamación que justifique la concesión de un remedio*; y (6) dejar de acumular una parte indispensable. Mediante una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* R. 10.2, la parte demandada puede solicitar la desestimación de la reclamación instada en su contra cuando, de la faz de la demanda, sea evidente que alguna de sus defensas afirmativas prosperará. ***Trans–Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 701 (2012); ***Sánchez v. Aut. De Los Puertos***, 153 DPR 559, 569 (2001).

Cuando la parte demandada presenta una moción de desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio o por ser de su faz inmeritoria, su solicitud se dirige a los méritos de la controversia, y no a los aspectos

---

[25] Esta Regla dispone lo siguiente:
　　El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
　　(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
　　(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
　　(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
　　(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
　　(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
　　(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
　　(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

procesales. **Montañez v. Hosp. Metropolitano**, 157 DPR 96, 104 (2002). Ello es así, tomando en consideración que la demanda sólo tiene que contener "una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio". Regla 6.1 de Procedimiento Civil, *supra*, R. 6.1. En este sentido, las alegaciones tienen el propósito de bosquejar "a grandes rasgos, cuáles son las reclamaciones, de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea". **Ortiz Díaz v. R & R Motor Sales Corp.**, 131 DPR 829, 835 (1996). Ahora bien, la liberalidad y brevedad en la exposición de los hechos demostrativos en la demanda no es óbice para que la parte demandada reciba una adecuada notificación sobre la reclamación en su contra y su fundamento mediante suficiencia fáctica. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 287. Esto, dado que las alegaciones de la demanda deben prevenir razonablemente a la parte demandada sobre el reclamo en su contra. **Ortiz Díaz v. R & R Motor Sales Corp.**, *supra*.

Cuando los tribunales se enfrentan a una moción de desestimación bajo estos fundamentos, deberán examinar los hechos que se alegan en la demanda lo más liberalmente posible a favor de la parte demandante. **López García v. López García**, 200 DPR 50, 69 (2018). En ese ejercicio, tienen que dar por ciertos todos aquellos hechos que hayan sido bien alegados en la demanda. **García v. ELA**, 163 DPR 800, 814 (2005). A su vez, debe eliminar del análisis las conclusiones legales y los elementos de la causa de acción apoyados en aseveraciones concluyentes. R. Hernández Colón, *op. cit.*, pág. 307.

Luego de brindarle veracidad a los hechos bien alegados, se debe determinar si, a base de estos, la demanda establece una

reclamación plausible que justifique que la parte demandante tiene derecho a algún remedio, basando el análisis en la experiencia y el sentido común. *Íd.* Al realizar dicha evaluación, el tribunal debe conceder el beneficio de toda inferencia que pueda efectuar de los hechos correctamente alegados en la demanda. ***Montañez v. Hosp. Metropolitano***, *supra*, pág. 105. Por consiguiente, la demanda no deberá desestimarse salvo que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. ***Colón Gorbea v. Sánchez Hernández et al.***, 202 DPR 760 (2019); ***Candal v. C.T. Radiology Office***, ***Inc.***, 112 DPR 227 (1982). De lo contrario, "[d]e determinar que no cumple con el estándar de plausibilidad, el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda con el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusiorias". R. Hernández Colón, *op. cit.*, pág. 307, refiriéndose a ***Ashcroft v. Isbal***, 556 US 662 (2009).

### C.

Por otra parte, una corporación es una ficción jurídica creada por el Estado, capacitada para realizar o promocionar cualquier negocio o propósito lícito, al amparo de la *Ley General de Corporaciones del 2009.* 14 LPRA sec. 3501; ***Peguero v. Hernández Pellot***, 139 DPR 487, 501-501 (1995). A tal efecto, una corporación es una entidad jurídica que goza de personalidad jurídica propia, distinta e independiente de sus accionistas, directores y oficiales. ***Peguero v. Hernández Pellot***, *supra*, pág. 502; ***Rivera Sanfeliz et al. v. Jta. Dir. First Bank***, 193 DPR 38, 49-50 (2015). Así, como corolario de poseer una personalidad jurídica propia, una corporación tiene capacidad para demandar y ser demandada bajo su nombre corporativo. 14 LPRA sec. 3522; ***Multinacional Ins. v. Benítez y otros***, 193 DPR 67, 78 (2015).

Debido a la organización artificial e intangible de persona jurídica, una corporación requiere valerse de personas naturales para realizar sus operaciones. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, *supra*; *Gasolinas PR v. Registrador,* 155 DPR 652, 665-666 (2001). La administración de los negocios y asuntos de una corporación típicamente son dirigidos por una junta de directores que es seleccionada por los accionistas de la corporación. 14 LPRA sec. 3561(a). La junta de directores entonces designa un cuerpo de oficiales que se ocupan de operar y manejar los asuntos diarios de la corporación. *Íd.* sec. 3562; *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, *supra*, pág. 51; *Multinacional Ins. v. Benítez y otros*, *supra*, pág. 77.

Por virtud de la personalidad jurídica propia, reconocido por el principio de responsabilidad limitada, los accionistas, directores y oficiales de una corporación no responden en calidad personal, sino que obligan a la entidad que representan. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank,* *supra*, págs. 53–54.

El Artículo 2.03 de la *Ley General de Corporaciones del 2009* dispone que las facultades conferidas a los directores y oficiales serán "en beneficio de los accionistas de la corporación y para la gestión prudente de sus negocios y asuntos, así como para la promoción de sus objetivos y propósito". 14 LPRA sec. 3523. Al ejecutar sus poderes, los directores y oficiales deben cumplir con el deber de fiducia, el cual se divide en tres responsabilidades, a saber: la obligación de actuar dentro del marco de su autoridad, el deber de diligencia y el deber de lealtad. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank,* *supra*, pág. 52. El deber de diligencia "se refiere a la atención y el cuidado que . . . debería exhibir un director u oficial responsable y competente al ejercer de buena fe su juicio comercial". *Multinacional Ins. v. Benítez y otros*, *supra*, pág. 78. Mientras, el deber de lealtad "implica que los administradores habrán de llevar

a cabo sus funciones para el beneficio de la corporación y no para su beneficio personal". *Íd.* El Artículo 4.03 de la *Ley General de Corporaciones de 2009* establece:

> Los directores y oficiales estarán obligados a dedicar a los asuntos de la corporación y al desempeño de sus funciones, la atención y el cuidado que en una posición similar y ante circunstancias análogas desempeñaría un director u oficial responsable y competente al ejercer de buena fe su juicio comercial o su mejor juicio en el caso de las corporaciones sin fines de lucro. **Sólo la negligencia crasa en el desempeño de las obligaciones y deberes antes reseñados conllevará responsabilidad.** 14 LPRA sec. 3563. (Énfasis nuestro).

Esto es, "[s]e le exige diligencia y competencia en el descargo de sus funciones, pero únicamente la negligencia crasa en el cumplimiento de las obligaciones y deberes inherentes a sus puestos conllevará responsabilidad". ***Rivera Sanfeliz et al. v. Jta. Dir. First Bank,*** *supra,* pág. 53. El criterio de negligencia crasa "no puede tomarse aislado del resto del precepto como imponiendo un deber general de conducta frente a todos. Más bien, debe interpretarse en el contexto del imperativo de fiducia que rige la relación de los directores y oficiales frente a la corporación". *Íd.,* págs. 53-54. La interpretación de esta excepción al principio de responsabilidad limitada debe enmarcarse en el deber de fiducia que los directores y oficiales tienen frente a la corporación. Este deber de fiducia implica que los directores y oficiales tienen que desempeñarse de manera capaz y responsable, siempre de cara a los intereses de la entidad; y sólo se producirá responsabilidad para los directores u oficiales si la corporación sufre daños como consecuencia del quebrantamiento de este deber. *Íd.,* pág. 54.

En esta eventualidad de violación a los deberes de fiducia, se puede presentar una acción derivativa contra los administradores de una corporación, es decir, directores y oficiales. La acción derivativa es un remedio basado en equidad que se presenta por un accionista en representación de la corporación, para vindicar los derechos de la entidad jurídica. *Íd.*; C. E. Díaz Olivo, <u>*Corporaciones:*</u>

*Tratado de Derecho Corporativo*, 2da. ed., Colombia, AlmaForte, 2018, pág. 418. Debido a que se vindican derechos a beneficio de los intereses de la corporación, cualquier recobro obtenido de dicha causa de acción pertenece a la entidad jurídica, no al accionista. *Íd.* (citas omitidas).

Como corolario, un tercero ajeno a la corporación carece de legitimación activa para presentar una acción derivativa solicitando que se diluciden alegaciones de violación a deberes fiduciarios hacia la corporación. ***Rivera Sanfeliz et al. v. Jta. Dir. First Bank,*** *supra*, pág. 55. Así, cuando se demanda a los directores u oficiales por negligencia crasa, únicamente le corresponde reclamarlo a la propia corporación o a sus accionistas. *Íd.* pág. 60.

Aun cuando se ha reconocido que los acreedores de una corporación insolvente tendrán legitimación activa para presentar una reclamación contra los directores por violación a su deber de fiducia, **la acción deberá ser una derivativa que redunde en beneficio de la corporación**. C. E. Díaz Olivo, *op. cit.*, pág. 232. En lo pertinente, la Corte Suprema de Delaware puntualizó lo siguiente:

> Recognizing that directors of an insolvent corporation owe direct fiduciary duties to creditors, would create uncertainty for directors who have a fiduciary duty to exercise their business judgment in the best interest of the insolvent corporation. To recognize a new right for creditors to bring direct fiduciary claims against those directors would create a conflict between those directors' duty to maximize the value of the insolvent corporation for the benefit of all those having an interest in it, and the newly recognized direct fiduciary duty to individual creditors. [...] **we hold that individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims for breach of fiduciary duty against corporate directors.** Creditors may nonetheless protect their interest by bringing **derivative claims** on behalf of the insolvent corporation or any *other* direct nonfiduciary claim [...] ***NACEPF v. Gheewalla***, 930 A.2d 92, 103 (2007) (énfasis suplido).

Igualmente, a modo de excepción de la personalidad jurídica propia, el Art. 12.04 de la *Ley General de Corporaciones* dispone

algunas instancias en las que los accionistas, directores u oficiales de una corporación pueden responder personalmente. A saber:

> A. Cuando los oficiales, directores o accionistas de cualquier corporación estén obligados a pagar las deudas, o cualquier parte de las deudas de la corporación, según lo dispuesto en esta Ley, cualquier acreedor podrá entablar una acción en contra de uno o más de ellos. En la demanda se consignará la reclamación en contra de la corporación y el fundamento por el cual el demandante espera recobrar de los demandados personalmente.

> B. **No se entablará pleito alguno contra ningún oficial, director o accionista por deuda u obligación de la corporación de la cual es oficial, director o accionista, hasta que se dicte sentencia final en contra de la corporación, y que la ejecución de la misma permanezca insatisfecha ni después de tres (3) años a partir de la fecha de tal sentencia, y cualquier oficial, director o accionista podrá levantar cualquier defensa que la corporación hubiere podido levantar contra tal deuda u obligación.** Este inciso (B) no aplicará a los pleitos que se entablen contra oficiales o directores de una corporación que estén en proceso de disolución por mala administración, en el ejercicio de sus funciones con arreglo al Capítulo IX de esta Ley. 14 LPRA sec. 3784.

Es decir, para entablar un pleito contra un accionista, director u oficial de una corporación por alguna responsabilidad que emana de la *Ley General de Corporaciones de 2009*,[26] **un acreedor debe obtener previamente una sentencia contra la corporación y su crédito debe subsistir insatisfecho.** C. E. Díaz Olivo, *op. cit.*, págs. 427-428. De conformidad con nuestra normativa jurídica, el acreedor <u>no</u> puede instar una acción directa contra un accionista, director u oficial de una corporación. *Íd.* Como excepción, si la responsabilidad del administrador o accionista no se deriva de la ley, podrá incoar una acción directamente contra estos. *Íd.*

Un panel hermano tuvo ante su consideración un caso similar al presente, en términos del deber de fiducia y el derecho de un acreedor de la corporación a reclamarlo.[27] En este, un tercero acreedor de una aseguradora planteó que los directores y oficiales de la corporación debían responder en su capacidad personal por

---

[26] Se refiere a las responsabilidades que dimanan de los Artículos 4.07, 5.08, 5.22 y 9.12 de la *Ley General de Corporaciones de 2009*. Véase, 14 LPRA secs. 3565, 3588, 3602 y 3712.

[27] Véase, KLAN202000725, panel compuesto por su presidente, el Juez Sánchez Ramos (juez ponente), el Juez Candelaria Rosa y el Juez Pagán Ocasio.

una alegada violación al deber de fiducia. Esto, dado que la corporación se declaró insolvente mientras existían reclamaciones por daños a causa del Huracán María. En esa ocasión, resolvimos que actuó correctamente el TPI al desestimar la causa de acción a favor de los directores debido a que la demanda respondía a un reclamo contractual entre el tercero acreedor y la corporación, no contra sus directores. Además, establecimos que cuando se reclama responsabilidad a los directores y oficiales de una corporación por violación a sus deberes de fiducia, se debe entablar una acción derivativa, en beneficio directo de la corporación. Es decir, la acción derivativa no puede instarse para beneficio exclusivo del acreedor.

Considerando la normativa antes expuesta, resolvemos.

**IV.**

En el caso de autos, la señora De Los Santos Figueroa imputó al TPI la comisión de cuatro errores. Por estar estrechamente relacionados el primer y cuarto error, los discutiremos en conjunto. En esencia, alegó que incidió el TPI al no desestimar la demanda de cobro de dinero y ejecución de hipoteca sin que expusiera una alegación en su contra. Como segundo error, la peticionaria arguyó que incidió el TPI al no eliminar la *Oposición a moción de desestimación* dado que enmendó las alegaciones de la demanda sin cumplir con las Reglas de Procedimiento Civil, *supra*. Por último, señaló como tercer error que el TPI no realizó determinaciones de hecho y derecho adicionales.

Como cuestión de umbral, debemos resolver si la demanda de autos, la cual se pretende enmendar, establece hechos demostrativos de que Carolina Properties tiene derecho a la concesión de un remedio en contra de la señora De Los Santos Figueroa directamente por el impago de las deudas contraídas por Carvin School. Tras un análisis objetivo, sereno y cuidadoso de las alegaciones de la demanda en el caso ante nuestra consideración,

aun tomando en consideración los hechos que se pretenden incorporar mediante *Demanda enmendada*, surge diáfanamente que no aducen hechos constitutivos de una causa de acción en contra de la señora De Los Santos Figueroa.

En primer lugar, tal como está redactada la demanda, únicamente identifica la dirección física de la peticionaria, sin relacionar la razón por la cual se le demandó. Segundo, de una lectura sosegada e imparcial sobre las alegaciones que se procuran incorporar a la demanda, flagrantemente denotan ser conclusiones de Derecho. No hay ninguna alegación en contra de la peticionaria.

La *Demanda*, aun con las alegaciones que se pretenden incorporar, carece de hechos demostrativos que correlacionen la responsabilidad personal de la peticionaria con la causa de acción de cobro de dinero y ejecución de hipoteca por el préstamo hipotecario que asumió Carvin School. Resolver lo contrario implicaría concebir que ser directivo de una corporación es un eslabón que automáticamente conlleva responder por las deudas y obligaciones de una persona jurídica independiente. No podemos colegir que en el impago de una deuda mecánicamente figure negligencia crasa en el deber de fiducia de un director u oficial de una corporación, que a su vez conlleve enriquecimiento injusto, negocio simulado o evasión contributiva, sin ilustrar un hecho específico del que se pueda entender dichas correlaciones. Una alegación conclusoria sin un mínimo de suficiencia fáctica, es inadecuado para mantener viva una reclamación en contra de la peticionaria.

Por otra parte, es menester recordar que los tribunales no podemos permitir que proceda una demanda insuficiente con el pretexto de probar las alegaciones conclusorias con el descubrimiento de prueba. ***Ashcroft v. Iqbal***, *supra*; R. Hernández Colón, *op. cit.,* pág. 307. Por ello, no nos convence el argumento

planteado por la parte recurrida que la alegación conclusoria de negligencia crasa quedaría probada en el descubrimiento de prueba. Tampoco nos persuade el razonamiento de que no se incluyen los hechos demostrativos en la demanda dado que, por los puestos que la peticionaria ha ocupado en Carvin School, debía conocer la razón por la que se demandó. No debemos soslayar que la señora De Los Santos Figueroa como codemandada, debía tener una adecuada notificación sobre la reclamación por los cuales se le imputa responsabilidad por el préstamo hipotecario asumido por Carvin School y su fundamento mediante suficiencia fáctica. R. Hernández Colón, *op. cit.,* pág. 287. Esto, aun cuando la demanda debe contener una relación sucinta y sencilla de los hechos demostrativos de que la parte recurrida tenía derecho a un remedio.

Luego de brindarle veracidad a los hechos bien alegados en la demanda que se pretende enmendar e interpretándolos de la manera más liberal posible a favor de la parte recurrida, concluimos que Carolina Properties no estableció una reclamación plausible que justifique la concesión de un remedio en contra de la señora De Los Santos Figueroa. A base de los hechos alegados en la demanda, procedía desestimar la demanda instada contra la señora De Los Santos Figueroa. El foro recurrido cometió el primer error señalado. Puesto que, dando por ciertas todas las alegaciones y descartando aquellas conclusorias, la demanda, aun con los hechos que se pretenden incorporar, deja de exponer una reclamación que justifique la concesión de un remedio a su favor. Por esto, el TPI cometió el error señalado por la peticionaria y procede la desestimación de la demanda contra la señora De Los Santos Figueroa.

Al disponer del caso resolviendo el primer señalamiento de error, resulta innecesario discutir los demás señalamientos de error.

Por último, en relación con la súplica en torno a que impongamos honorarios de abogados y costas por temeridad, se deniega. Adviértase que existe ausencia de una determinación de temeridad por parte del TPI.

**V.**

Por los fundamentos expuestos, se *expide* el auto de *certiorari* y se *revoca* la *Resolución* del 29 de agosto de 2023. Consecuentemente, se desestima la demanda en contra de la señora De Los Santos Figueroa. Se devuelve el caso para que continúe con los procedimientos conforme con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones